State v. Hines

STATE OF NORTH CAROLINA v. CHARLES WILLIAM HINES

No. 7329SC548

(Filed 25 July 1973)

**1. Criminal Law § 164— sufficiency of evidence reviewed on appeal**

The sufficiency of the evidence to support a conviction is reviewable on appeal under G.S. 15-173.1 without exception.

**2. Robbery § 4— armed robbery of grill — sufficiency of evidence**

Where State's evidence tended to show that defendant, with a gun in his hand, demanded and received money from the operator of a grill, such evidence was sufficient to support his conviction for armed robbery.

**3. Criminal Law § 66— identification of defendant — personal knowledge as basis**

Where a witness testified that she had known defendant for about 4 years by sight and name, that he lived close to her grill, that he had come by frequently to make purchases, and that she recognized him during the perpetration of the robbery, her identification was based on personal knowledge and could not relate to any impermissible suggestion from lineup procedures.

ON *certiorari* to review defendant's trial before *Beal, Judge,* at the March 1971 Session of Superior Court held in RUTHERFORD County.

Defendant Hines and one Jerry Logan were charged in a proper bill of indictment with the armed robbery of Mary Jones at Mary's Grill near Rutherfordton on 15 December 1970. Both defendants entered "not guilty" pleas and were convicted by a jury.

The evidence for the State tended to show that the defendants armed with pistols entered Mary's Grill about 2:00 to 3:00 p.m. on 15 December 1970 and robbed the owner, Mary Jones, and two other persons who were present in the grill. Mary Jones testified that "[a]bout 2 to 3 p.m. on the afternoon of the 15th of December, 1970, Charles Hines and Jerry Logan came to the door of the grill and pushed the door open and came in and so Jerry came in and said, 'throw up your hands, we're going to rob you. . . . ' " She stated that Logan was threatening her and the two other people in the grill at this time and that he took some paper money from the cash box and from the two other people. She further testified that Logan said " 'get the silver out [of the cash box] and give it to the boy at the door.' "

"It was Charles Hines and he [Logan] said, 'don't give it to me, give it to him.' Charles Hines was standing at the door with the gun and he was holding the gun on me. The door was around eight feet from where I was standing and he said, 'give it to me.' So I gave it to him. . . . I started back in the kitchen and Charles said, 'don't you go back in there.' He said 'come back and stand right here. If you don't you wish you had of.'" Mrs. Jones' account of the robbery was corroborated by one of the other people who was in the grill at the time of the robbery.

Mrs. Jones stated that she knew both defendants. "I had known Charles Hines around four years. Charles used to come by my cafe a lot and get cookies and stuff like that." She said that she did not know exactly where Hines lived but it was close to her grill. On cross-examination Mrs. Jones said she knew Charles Hines by sight and name and Logan by sight.

Logan and Hines both denied having robbed Mary's Grill on 15 December 1970 and presented evidence in the effort to establish an alibi.

From judgment of imprisonment for 12 to 14 years, defendant Hines entered notice of appeal. The appeal was not perfected, and upon post-conviction hearing, counsel was appointed by the court to represent the defendant and present his case for appellate review.

*Attorney General Morgan, by Assistant Attorney General. Webb, for the State.*

*Hamrick & Bowen, by James M. Bowen, for defendant appellant.*

BALEY, Judge.

The record discloses that no objections were made or exceptions entered at the trial by the attorneys privately employed by the defendant who are not now his court-appointed counsel for this appeal. Ordinarily assignments of error not based on exceptions are deemed to be abandoned, Rule 19(c), however, under the unusual circumstances here involved we have considered all of the contentions of the defendant upon their merit.

[1, 2] The sufficiency of the evidence to support a conviction is reviewable on appeal under G.S. 15-173.1 without exception. In this case the State's evidence shows the defendant with a gun

in his hand demanding and receiving money from his victim. Clearly such evidence supports his conviction.

**[3]** Defendant also challenges the evidence of his identification. The witness, Mary Jones, testified that she had known defendant for about 4 years by sight and name, that he lived close to her grill, that he had come by frequently to make purchases, and that she recognized him during the perpetration of the robbery. Her identification was based on personal knowledge and could not relate to any impermissible suggestion from lineup procedures.

We have carefully reviewed the charge of the court which places upon the State the burden of proving beyond a reasonable doubt every essential element of the offense charged. The broadside assignment of error to the charge is without merit.

No error.

Judges CAMPBELL and HEDRICK concur.